# Cuti Hecker Wang llp

305 Broadway, Suite 607
New York, New York 10007

John R. Cuti
212.620.2601 tel
212.620.2611 fax

jcuti@chwllp.com

February 5, 2021

**By ECF and Email**

Hon. John P. Cronan
United States District Court for the
 Southern District of New York
500 Pearl Street, Room 1320
New York, NY 10007

     Re:    *Haley v. Weinstein*, 20-cv-09109 (JPC) (GWG)

Dear Judge Cronan:

     This firm represents the Plaintiff, Miriam Haley. I write pursuant to Your Honor's Individual Rule 6.A to request a pre-motion conference because Plaintiff intends to move for partial summary judgment on the issue of Defendant Harvey Weinstein's liability. The motion will raise one issue: whether Weinstein's criminal conviction for sexually assaulting Ms. Haley collaterally estops him from relitigating that same issue here. Because there is no need for discovery regarding liability, nor even for Defendant to file his answer, the motion is ripe for consideration now. *See* Fed. R. Civ. P. 56(b) (motion for summary judgment may be made "at any time until 30 days after the close of all discovery"); *see also Head v. Ebert*, No. 6:14 Civ. 6546 (EAW), 2019 WL 1316978 at *4 (W.D.N.Y. March 22, 2019) (even a defendant who failed to answer may move for and obtain summary judgment).

     A court may grant summary judgment on a claim based on the doctrine of collateral estoppel, *see Levy v. Kosher Overseers Ass'n of America, Inc.*, 104 F.3d 38, 41 (2d Cir. 1997), if the material issues of fact in a pending action have been actually and necessarily resolved in a prior proceeding. *See State of New York v. Julius Nasso Concrete Corp.*, 202 F.3d 82, 86 (2d Cir. 2000); *NLRB v. Thalbo Corp.*, 171 F.3d 102, 109 (2d Cir. 1999). That is the case here.

     The Complaint alleges that Weinstein forcibly sexually assaulted Ms. Haley on July 10, 2006, *see* ECF 1, ¶¶ 33-36, and asserts three causes of action under New York law: battery, *id*. at ¶¶ 52-62; assault, *id*. at ¶¶ 63-66; and violation of the Victims of Gender-Motivated Violence Protection Act ("VGMVPA"), *id*. at ¶¶ 67-70. The elements of these claims are straightforward. "The elements of a civil battery are (1) bodily contact, which is (2) harmful or offensive in nature, and (3) made with intent." *Doe v. Alsaud*, 224 F. Supp. 3d 286, 294 (S.D.N.Y. 2016) (citations and quotations omitted). A "civil assault is the intentional placing of another in apprehension of imminent harmful or offensive contact." *Id*. A claim exists under the VGMVPA when a defendant subjects a plaintiff to "a crime of violence" "committed because of gender or on the basis of gender, and due, at least in part, to an animus based on the victim's gender," N.Y.C. Admin. Code. § 10-1103 (formerly § 8-903); where the crime at issue, as here, is sexual assault, the statute's requirements of gender bias and animus are established. *Breest v. Haggis,* 180 A.D.3d 83, 94 (1st Dep't 2019) ("Coerced sexual activity is dehumanizing and fear-

inducing.  Malice or ill will based on gender is apparent from the alleged commission of the act itself.  Animus inheres where consent is absent.").

As relevant here, the Indictment charged Weinstein with violating N.Y. Penal Law § 130.50 (1), Criminal Sexual Act in the First Degree, because he, "on or about July 10, 2006, engaged in oral sexual conduct by forcible compulsion with a person known to the Grand Jury, to wit, contact between defendant's mouth and the vagina of [Miriam Haley]."[1]  Ms. Haley's trial testimony regarding Weinstein's forcible sexual assault of her on July 10, 2006 is substantively identical to the Complaint's allegations about that assault.  On February 24, 2020, a jury found Weinstein guilty of committing the charged criminal sex act against Ms. Haley.  On March 11, 2020, Mr. Weinstein was sentenced to 20 years in prison for sexually assaulting Ms. Haley.[2]

Weinstein is collaterally estopped from relitigating the issue whether he subjected Ms. Haley to a non-consensual, forcible, sexual assault.  "A criminal conviction . . . after trial is conclusive proof of its underlying facts in a subsequent civil action and collaterally estops a party from relitigating the issue."  *Grayes v. DiStasio*, 166 A.D.2d 261, 262–63 (1st Dep't 1990).  The jury that credited Ms. Haley's testimony and convicted Weinstein for forcibly orally raping her on July 10, 2006 "necessarily determined that the elements of the civil causes of action for assault and battery have been satisfied, *i.e.*, that the Defendant intentionally made harmful contact with Plaintiff . . . without her consent and that his actions placed Plaintiff in imminent apprehension of harmful contact."  *Alsaud*, 224 F. Supp. 3d at 294.  And a conviction for felony oral rape of a woman plainly violates the VGMVPA.  *See Breest*, 180 A.D.3d at 94.  Finally, that Weinstein intends to appeal his conviction (although he has yet to perfect an appeal) does not deprive the criminal judgment against him of its preclusive effect.  *See*, *e.g.*, *United States v. All Right, Title & Interest in Real Prop. Etc.,* 901 F.2d 288, 292 (2d Cir. 1990).

For these reasons, Plaintiff respectfully requests that the Court schedule a pre-motion conference.

---

[1] Indictment, Second Count.  New York Penal Law Section 130.50(1) provides that "A person is guilty of criminal sexual act in the first degree when he or she engages in oral sexual conduct or anal sexual conduct with another person: (1) By forcible compulsion . . . ."

[2] The criminal action against Weinstein terminated on March 11, 2020 when he was sentenced to prison for committing that offense.  N.Y. Crim. Proc. Law § 1.16.  Plaintiff's claim is timely brought under CPLR § 215(8)(b), which gives plaintiff "five years from the termination of the criminal action as defined in section 1.20 [now section 1.16] of the criminal procedure law in which to commence the civil action . . . ."  This action is also timely under CPLR 213-C because it is brought within twenty years after July 10, 2006.

        Respectfully submitted,

        CUTI HECKER WANG LLP

By:   <u>/s/ John R. Cuti</u>
        John R. Cuti
        Mariann Meier Wang
        305 Broadway, Suite 607
        New York, New York 10007
        (212) 620-2600
        jcuti@chwllp.com

        ALLRED, MAROKO & GOLDBERG
        Gloria Allred
        305 Broadway, Suite 607
        New York, New York 10007
        (212) 202-2966
        gallred@amglaw.com

        *Attorneys for Plaintiff*