```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                                       :
MIRIAM HALEY,                                                          :
                                                                       :
                              Plaintiff,                               :
                                                                       :       20 Civ. 9109 (JPC)
               -v-                                                     :
                                                                       :             ORDER
HARVEY WEINSTEIN,                                                      :
                                                                       :
                              Defendant.                               :
                                                                       :
-----------------------------------------------------------------------X
```

JOHN P. CRONAN, United States District Judge:

Plaintiff Miriam Haley commenced this action against Defendant Harvey Weinstein on October 30, 2020, alleging assault, battery, and violation of the New York City Gender-Motivated Violence Act, N.Y.C. Admin. Code § 10-1103. Dkt. 1. On November 23, 2020, Plaintiff filed proof of service, which reflected that Defendant was served with the Summons and Complaint on November 18, 2020, making his answer due by December 9, 2020. Dkt. 9. A Certificate of Default was issued as to Defendant on January 22, 2021, after he failed to answer or otherwise respond to the Complaint. Dkt. 12. The Court set a briefing schedule for Plaintiff's anticipated motion for a default judgment on January 22, 2021. Dkt. 14. On February 1, 2021, Imran Ansari, Esq., entered a notice of appearance on behalf of Defendant, Dkt. 15, and on February 16, 2021, the Court vacated its January 22, 2021 Order, Dkt. 19. Before the Court now is Defendant's Motion to Vacate the Certificate of Default. Dkt. 21 ("Motion to Vacate"). For the foregoing reasons, the Court grants Defendant's motion.

**I.     Legal Standard**

Under Federal Rule of Civil Procedure 55(c), a court "may set aside an entry of default for good cause." *See* Fed. R. Civ. P. 55(c). Three factors are pertinent to the Court's analysis of

whether good cause exists: "(1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993). The Second Circuit has expressed a "preference for resolving disputes on the merits." *Id.* at 95. Accordingly, "[g]ood cause 'should be construed generously.'" *Fischer v. Forrest*, No. 14 Civ. 1307 (PAE), 2014 WL 2717937, at *2 (S.D.N.Y. June 16, 2014) (citing *Enron Oil Corp.*, 10 F.3d at 96). A court must weigh all factors, and "[a] finding that one factor militates against good cause is not dispositive." *Murray Eng'g, P.C. v. Windermere Properties LLC*, No. 12 Civ. 52 (JPO), 2013 WL 1809637, at *4 (S.D.N.Y. Apr. 30, 2013).

## II. Discussion

"[T]he court may find a default to have been willful where the conduct of counsel or the litigant was egregious and was not satisfactorily explained." *S.E.C. v. McNulty*, 137 F.3d 732, 738 (2d Cir. 1998) (citations omitted). "Even gross negligence does not lead to a finding of willfulness." *Fischer*, 2014 WL 2717937, at *3. The Court is unaware of any conduct to support a conclusion that Defendant's default was willful. Defendant is currently incarcerated at the Wende Correctional Facility in Alden, New York, and represents that his delay was the result of taking steps to retain counsel. Motion to Vacate at 5-6. On January 27, 2021, Plaintiff's counsel emailed Mr. Ansari to see if he intended to enter a notice of appearance on behalf of Defendant. Dkt. 16 at 1. Plaintiff's counsel contacted Mr. Ansari because of counsel's understanding that Mr. Ansari had represented Defendant in other matters involving allegations of sexual abuse and that Mr. Ansari had been quoted regarding the instant litigation. *Id.* Mr. Ansari advised Plaintiff's counsel that he intended to enter a notice of appearance and requested consent to file a late answer. *Id.* As noted above, shortly after this email, Mr. Ansari in fact filed a notice of appearance on behalf of Defendant. Dkt. 15. Given this history, and the absence of any information to suggest otherwise, the Court is unable to find that either Defendant or his counsel acted willfully in failing to timely appear in this action.

The next factor, prejudice to Plaintiff, militates towards a finding of good cause as well. A showing of prejudice requires a plaintiff to demonstrate that defendant's delay will "result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion." *Davis v. Musler*, 713 F.2d 907, 916 (2d Cir. 1983). "Prejudice to the nondefaulting party is 'the single most persuasive reason for denying a Rule 55(c) motion.'" *Murray*, 2013 WL 1809637 at *5 (quoting 10A Charles Allen Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2699 (3d ed. 2010)). Plaintiff has not raised any prejudice that she will suffer from the delay, but instead, as Defendant reports, consents to Defendant's Motion to Vacate. Motion to Vacate 4. Nor does the Court see any danger of prejudice. The relatively slight delay caused by Defendant is unlikely to lead to loss of evidence or complications with discovery, and the Court does not discern any opportunity for fraud or gamesmanship.

The final factor—whether Defendant has established a meritorious defense—does not weigh as strongly in favor of Defendant, however. "A defendant seeking to vacate an entry of default must present some evidence beyond conclusory denials to support his defense." *Enron Oil Corp.*, 10 F.3d at 98. That evidence "need not establish his defense conclusively," *McNulty*, 137 F.3d at 740, but "if proven at trial [must] constitute a complete defense," *Enron Oil Corp.*, 10 F.3d at 98. Moreover, "[a] defense is meritorious if it is good at law so as to give the factfinder some determination to make." *Am. All. Ins. Co. v. Eagle Ins. Co.*, 92 F.3d 57, 61 (2d Cir. 1996) (quoting *Anilina Fabrique de Colorants v. Aakash Chemicals and Dyestuffs, Inc.*, 856 F.2d 873, 879 (7th Cir. 1988)). Here, Defendant only argues that "Mr. Weinstein vehemently denies the claims alleged by Plaintiff and maintains that any intimate relations were completely consensual." Motion to Vacate at 7. A "conclusory denial," unsupported by any evidence or affidavits, is insufficient to demonstrate the existence of a meritorious defense. *See New York v. Green*, 420 F.3d 99, 109-10 (2d Cir. 2005).

In the end, however, the Court need not consider further whether Defendant has raised at this point a meritorious defense, given that the other two factors weigh strongly in favor of granting his Motion to Vacate, Plaintiff's consent to vacatur, and the guidance in this Circuit that good cause should be "construed liberally" with a "preference for resolving disputes on the merits." *Enron Oil Corp.*, 10 F.3d at 95-96.

### III.  Conclusion

For the foregoing reasons, the Court grants Defendant's Motion to Vacate the Certificate of Default. Defendant must file an answer or otherwise respond to the Complaint by February 24, 2021.

The Clerk of Court is respectfully directed to vacate the entry of default at Docket Number 12 and to terminate the motions pending on Docket Numbers 21 and 22.

SO ORDERED.

Dated: February 22, 2021
New York, New York

_____
JOHN P. CRONAN
United States District Judge