UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
―――――――――――――――――――――――――――x

MIRIAM HALEY,

        Plaintiff,

  -against-                                   Case No. 20-cv-09109 (JPC) (GWG)

HARVEY WEINSTEIN,

        Defendant.
―――――――――――――――――――――――――――x

# MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S
# MOTION FOR PARTIAL SUMMARY JUDGMENT

Dated: March 10, 2021
      New York, New York

CUTI HECKER WANG LLP
John R. Cuti
Mariann Meier Wang
Heather Gregorio
305 Broadway, Suite 607
New York, New York 10007
Telephone:  (212) 620-2601
Facsimile:  (212) 620-2611
Email:  jcuti@chwllp.com

ALLRED, MAROKO & GOLDBERG
Gloria Allred
305 Broadway, Suite 607
New York, New York 10007
Telephone:  (212) 202-2966
Email:  gallred@amglaw.com

**Table of Contents**

PRELIMINARY STATEMENT ........................................................................................ 1

FACTS ........................................................................................................................ 1

ARGUMENT: Plaintiff is Entitled to Partial Summary Judgment Because Defendant is Collaterally Estopped from Relitigating His Liability for Sexually Assaulting Her……………...7

A. Standard of Review ........................................................................................ 7

B. Weinstein is Precluded from Relitigating Whether He Forcibly Sexually Assaulted Plaintiff on July 10, 2006 ........................................................................ 8

(1) The Material Question in this Case Was Decided in Weinstein's Criminal Trial and is Decisive of all Three Causes of Action Here ........................................ 8

(2) Weinstein Had a Full and Fair Opportunity to Contest the Facts at His Criminal Trial ................................................................................................ 13

C. The Criminal Judgment Against Weinstein Retains Its Preclusive Effect Despite Weinstein's Pending Appeal ........................................................................ 14

CONCLUSION ............................................................................................................ 15

## **Table of Authorities**

**CASES**

*Sec. & Exch. Comm'n v. Penn*,
  225 F. Supp. 3d 225 (S.D.N.Y. 2016) ................................................................................... 9

*Antonious v. Muhammad*,
  873 F. Supp. 817 (S.D.N.Y. 1995) ...................................................................................... 14

*Breest v. Haggis*,
  180 A.D.3d 83 (1st Dep't 2019) .................................................................................... 11, 12

*DiSorbo v. Hoy*,
  343 F.3d 172 (2d Cir. 2003) ................................................................................................ 14

*Doe v. Advantagecare Physicians, P.C.*
  190 A.D.3d 819 (2d Dep't 2021) ......................................................................................... 12

*Doe v. Alsaud*,
  224 F. Supp. 3d 286 (S.D.N.Y. 2016) ................................................................................. 10

*Elkin v. Cassarino*,
  248 A.D.2d 35 (2d Dep't 1998) ........................................................................................... 10

*Engelman v. Rofe*,
  2021 N.Y. Slip Op. 03121, 2021 WL 817936 (1st Dep't March 4, 2021) ............................ 12

*Giakoumelos v. Coughlin*,
  88 F.3d 56 (2d Cir. 1996) ...................................................................................................... 8

*Grayes v. DiStasio*,
  166 A.D.2d 261 (1st Dep't 1990) .......................................................................................... 9

*Greenberg v. Greenberg*,
  646 Fed. App'x. 31 (2d Cir. 2016) ...................................................................................... 13

*Johnson v. Killian*,
  680 F.3d 234 (2d Cir. 2012) .................................................................................................. 7

*Kulak v. City of New York*,
  88 F.3d 63 (2d Cir. 1996) .................................................................................................. 7, 8

*LB on behalf of PB v. Hines*,
  No. 15 Civ. 5238, 2018 WL 1773138 (S.D.N.Y. April 10, 2018) .................................... 8, 10

*Lili B. v. Henry F.*,
   235 A.D.2d 512 (2d Dep't 1997)..................................................................................10

*Mayes v. Summit Entm't Corp.*,
   287 F. Supp. 3d 200 (E.D.N.Y. 2018)..........................................................................13

*Morrow v Gallagher*,
   113 A.D.3d 827 (2d Dep't 2014)..................................................................................10

*People v. Montilla*,
   10 N.Y.3d 663 (2008)....................................................................................................6

*Petrella v. Siegel*,
   843 F.2d 87 (2d Cir. 1988) ..........................................................................................15

*S.T. Grand, Inc. v. City of New York*,
   32 N.Y.2d 300 (1973)..................................................................................................14

*TMT Asia Ltd. v. Agrenco Madeira Comercio Internacional LDA*,
   No. 08 Civ. 8176, 2010 WL 1685962 (S.D.N.Y. Apr. 22, 2010) ................................13

*V.S. v. Muhammad*,
   595 F.3d 426 (2d Cir. 2010) ........................................................................................13

*Wagman v. Kandekore*,
   243 A.D.2d 628 (2d Dep't 1997)..................................................................................10

**STATUTES**

N.Y. Crim. Proc. Law § 1.20...............................................................................................6

N.Y. Penal Law § 70.02 ....................................................................................................11

N.Y. Penal Law §130.50 ...................................................................................................11

N.Y.C. Admin. Code § 10-1103 (formerly § 8-903)..........................................................11

**RULES**

Fed. R. Civ. P. 56(a) ...........................................................................................................7

Plaintiff Miriam Haley submits this memorandum in support of her motion for partial summary judgment on the issue of liability.

## PRELIMINARY STATEMENT

Harvey Weinstein already has litigated the material factual issue underlying all of Ms. Haley's claims in this action.  After a trial in which his experienced counsel cross-examined Ms. Haley extensively, a jury found beyond a reasonable doubt that Weinstein orally raped Ms. Haley on July 10, 2006, and the New York Supreme Court entered judgment sentencing him to a lengthy prison term.  That judgment precludes Weinstein from relitigating the facts here.  Because there is no basis to subject Ms. Haley (or, for that matter, Weinstein) to discovery regarding liability, this Court should grant this motion for partial summary judgment regarding Weinstein's liability and the parties should proceed to discovery on the question of damages.

That Weinstein has filed a notice of appeal of his criminal conviction does not alter the analysis.  The law is settled that the judgment of conviction retains its preclusive effect notwithstanding the pending appeal.  And the Second Circuit has made clear that the proper course is for this Court to grant summary judgment on estoppel grounds, and retain jurisdiction to vacate its order in the event of a subsequent reversal of the criminal judgment.

For these reasons and those that follow, the Court should grant summary judgment to Plaintiff on the issue of liability.

## FACTS

On July 2, 2018, a grand jury in New York County returned a superseding indictment against Harvey Weinstein.  *See* Plaintiff's Rule 56.1 Statement of Material Facts ("P56.1"), ¶ 1 (citing Declaration of John R. Cuti ("Cuti Decl."), Ex. A (Superseding Indictment, Second Count) and Ex. B (Manhattan District Attorney's Office July 2, 2018 Press Release)).   Among

other offenses, the Indictment charged him with committing a Criminal Sexual Act in the First Degree in violation of Penal Law § 130.50(1), a class B felony, based on his July 10, 2006 oral rape of Ms. Haley. *Id.*

Defendant's trial commenced on or about January 7, 2020. P56.1 at ¶ 2. On January 27, 2020, Ms. Haley testified at Defendant's criminal trial about the underlying sexual assault conduct. *See id.* at ¶ 3. As relevant here, Ms. Haley testified regarding the charge that Weinstein orally raped her. She testified that on July 10, 2006:

- Weinstein's driver picked her up and drove her to Weinstein's apartment building in SoHo, and that Weinstein was there and invited her into his apartment;

- Weinstein, a large man who was casually dressed, and Haley were alone in the apartment, and initially sat on a sofa in front of a television;

- despite there not having been any discussion of a sexual or romantic nature, Weinstein lunged at Ms. Haley and tried to kiss her;

- at the point that Weinstein lunged at her, Ms. Haley got up from the sofa and said "oh, no, no, no" and tried to "reject him and push him away" but Weinstein continued to pull Ms. Haley toward him and kept kissing and fondling her as she tried to walk backwards away from him;

- Weinstein continued to come toward her physically and backed her into a bedroom in the apartment: "I walked backward because he was pushing me with his body until I got to the bed, and I fell backward onto the bed, and I tried to get up, and he pushed me down";

- Ms. Haley continued to resist, saying "no, no, no," "I don't want this to happen, this is not going to happen" and telling Weinstein that she was on her period (which she was), but though she tried to resist him, Weinstein "insisted, and every time" Ms. Haley "tried to get up off the bed he would push me back and hold me down with his arms"; "[h]e pushed me down, he held me down by my arms" and "at that point [I] started realizing what was actually happening" – that she was "being raped" . . .; that "he was holding me down by my wrists and also pushing me down and also laying on top of me with his weight, and pushing me down"; and that after Weinstein pushed her down, Ms. Haley "was kicking. I was pushing. I was trying to get away from his grip";

- Weinstein held Ms. Haley "down on the bed and he forced himself on me orally . . . he put his mouth on my vagina" . . . ; Ms. Haley further testified that "He held

2

me down and kept pushing me down towards the bed. Every time I tried to get up, he pushed me down. Then he would hold me down like that whether it was on my chest or my arms or wherever. And he went down and performed oral sex on me and I kept saying, no, don't. Please don't do this. I am – I don't want it. I said, no, many, many times. . . .";

• even after Ms. Haley told Weinstein that she was having her period and wearing a tampon, Weinstein did not stop; instead he said "something like well, where is it then . . . and he literally pulled my tampon out" and continued placing his mouth on her vagina; and,

• at the point that Weinstein was placing his mouth on Ms. Haley's vagina, she was "[p]hysically . . . trying to get away" until she realized it was pointless.

*See* P56.1 at ¶ 4.

Weinstein's counsel was afforded and exercised the opportunity to cross-examine Ms. Haley. P56.1 at ¶ 5 (citing Ex. D (Tr. 1622-1748; 1761-65)). He was afforded and exercised his right to present a defense. *See id*. at ¶ 6 (citing Ex. E (Transcript of Jury Instructions) at 8:23)).

As relevant to this motion, the jury in the criminal case against Weinstein was instructed to determine whether Weinstein was guilty of Criminal Sexual Act in the First Degree. With respect to that charge, the Court instructed the jury as follows:

> Under our law, a person is guilty of Criminal Sexual Act in the First Degree when he engages in oral sexual conduct with another person by forcible compulsion.
>
> Under our law, it is also an element of this offense that the sexual act was committed without consent. Oral sexual conduct takes place without a person's consent when the lack of consent results from forcible compulsion.
>
> The following terms used in that definition have a special meaning: Oral sexual conduct means conduct between persons consisting of contact between the mouth and the penis, the mouth and the anus, or the mouth and the vulva or vagina.
>
> Forcible compulsion means to intentionally compel either one, by the use of physical force, or two, by a threat expressed or implied which places a person in fear of immediate death or physical injury to herself.

3

> Intent means conscious objective or purpose. Thus, a person intentionally compels another either by the use of physical force or by a threat expressed or implied which places a person in fear of immediate death or physical injury to herself when his conscious objective or purpose is to compel another.
>
> Intent does not require premeditation. In other words, intent does not require advanced planning nor is it necessary that the intent be in a person's mind for any particular period of time. The intent can be formed and need only exist at the very moment the person engages in prohibited conduct or acts to cause the prohibited result and not at any earlier time.
>
> The question naturally arises as to how to determine whether or not a defendant had the intent required for the commission of a crime. To make that determination in this case, you must decide if the required intent can be inferred beyond a reasonable doubt from the proven facts. In doing so, you may consider the person's conduct and all of the circumstances surrounding that conduct, including, but not limited to the following: What if anything did the person do or say? What result, if any, followed the person's conduct. And was that result the natural, necessary, and probable consequences of that conduct.
>
> Therefore, in this case, from the facts you find to have been proven, decide whether or not you can infer beyond a reasonable doubt that the defendant had the intent required for the commission of this crime.

P56.1 at ¶ 7.

The Court further instructed the jury regarding the elements of the Second Count of the Indictment as follows:

> The second count is Criminal Sexual Act in the First Degree. Under our law, a person is guilty of Criminal Sexual Act in the First Degree when he engages in oral sexual conduct with another person by forcible compulsion. I have previously given you the meaning of Criminal Sexual Act in the First Degree and its terms and they have the same meaning here.
>
> In order for you to find defendant guilty of this crime, the People are required to prove from all the evidence in this case beyond a reasonable doubt both of the following two elements:
>
> First, that on or about July 10, 2006 in the county of New York, the defendant, Harvey Weinstein, engaged in oral sexual conduct with Miriam Haley.
>
> And second, that the defendant did so without Miriam Haley's consent by the use of forcible compulsion.

4

>If you find the People have proven beyond a reasonable doubt both of those elements, you must find the defendant guilty of this crime. On the other hand, if you find the People have not proven beyond a reasonable doubt either one or both of those elements, you must find the defendant not guilty of this crime.

P56.1 at ¶ 8.

The trial judge further instructed the jury that: as the defendant in a criminal case, Mr. Weinstein was presumed innocent; the fact that the District Attorney had accused him of a crime was not evidence of anything; the defendant had no burden to prove or disprove anything; and the fact that a defendant does not testify is not a factor from which any inference unfavorable to the defendant could be drawn. P56.1 at ¶ 9.

Finally, the Court instructed the jury regarding the fact that the prosecution alone bore the burden of proof and that the jury must acquit Weinstein if the prosecution failed to prove the criminal charges against him beyond a reasonable doubt:

>. . . the People have the burden of proving the defendant guilty beyond a reasonable doubt. That means that before you can find the defendant guilty of a crime, the People must prove beyond a reasonable doubt every element of the crime, including that the defendant is the person who committed the crime.
>
>In determining whether the People have satisfied their burden of proving the defendant guilty beyond a reasonable doubt, you may consider all the evidence presented, whether by the People or by the defendant. But the burden of proof never shifts from the People to the defendant. If the People fail to satisfy their burden of proof, you must find the defendant not guilty. If the People satisfy their burden of proof, you must find the defendant guilty.
>
>What does our law mean when it requires proof of guilt beyond a reasonable doubt? The law uses the phrase beyond a reasonable doubt to tell you how convincing the evidence of guilt must be to permit a verdict of guilty. The law recognizes in dealing with everyday events, there are very few things in this world that we know with absolute certainty. Therefore, the law does not require the People to prove the defendant's guilt beyond all possible doubt. On the other hand, it is not sufficient to prove that a defendant is probably guilty. In a criminal case, the proof of guilt must be stronger than that, it must be beyond a reasonable doubt.

> And a reasonable doubt is an honest doubt of the defendant's guilt for which a reason exists which is based upon the nature and quality of the evidence. It is an actual doubt, not an imaginary doubt. It is a doubt that a reasonable person acting in a matter of this importance would be likely to entertain because of the evidence that was presented or because of the lack of convincing evidence. Proof of guilt beyond a reasonable doubt is proof that leaves you so firmly convinced of the defendant's guilt, that you have no reasonable doubt of the existence of any element of the crime or of the defendant's identity as the person who committed the crime.

P56.1 at ¶ 10.

On February 24, 2020, the jury returned a verdict that Weinstein was guilty of committing the offense of Criminal Sexual Act in the First Degree against Ms. Haley on July 10, 2006. *See* P56.1 at ¶ 11. The jury was polled, and each of the twelve jurors affirmed that he or she had voted that Weinstein was guilty of the offense charged in the Second Count of the Indictment. *Id*. On March 11, 2020, Defendant was sentenced to twenty years in prison for the criminal sexual assault of Ms. Haley. *See* P56.1 at ¶ 12. The judgment of conviction thus was entered on March 11, 2020.[1]

Defendant filed a notice of appeal. *See* P56.1 at ¶ 13. In October 2020, Defendant unsuccessfully sought bail pending appeal. *See id.* at ¶ 14. As of the date of this motion, Defendant has not perfected his appeal of the judgment of conviction. *See id.* at ¶ 15.

---

[1] *See People v. Montilla*, 10 N.Y.3d 663, 665-66 (2008) (under New York law, "'Conviction' means . . . a verdict of guilty upon[] an accusatory instrument"; a "'Sentence' means the imposition and entry of sentence upon a conviction"; and a "judgment is comprised of a conviction and the sentence imposed thereon and is completed by imposition and entry of the sentence") (quoting N.Y. Crim. Proc. Law § 1.20 (13-15)).

6

# ARGUMENT

**Plaintiff is Entitled to Partial Summary Judgment Because Defendant is Collaterally Estopped from Relitigating His Liability for Sexually Assaulting Her**

Harvey Weinstein was indicted, tried, convicted of, and sentenced to prison for committing a criminal sexual act against Ms. Haley on July 10, 2006. The identical facts resolved against Weinstein in the criminal case are at issue in this action: did he intentionally, without Ms. Haley's consent, forcibly subject her to oral sexual contact. Weinstein is collaterally estopped from relitigating those factual issues here. Because the facts determined against Weinstein beyond a reasonable doubt in the criminal case establish all three of the causes of action asserted against him in this action, and because Weinstein had a full and fair opportunity to litigate those factual issues in the criminal trial, Plaintiff is entitled to summary judgment on the issue of liability.

### A.  Standard of Review

Summary judgment is appropriate where the admissible evidence and pleadings demonstrate "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Johnson v. Killian*, 680 F.3d 234, 236 (2d Cir. 2012) (per curiam).

A court may grant summary judgment on a claim based on the doctrine of collateral estoppel (also known as issue preclusion). *Kulak v. City of New York*, 88 F.3d 63, 72-73 (2d Cir. 1996). Where, as here, a party asserts that a judgment of a New York court has preclusive effect, this Court must apply "New York issue preclusion law." *Id*. at 71. Under New York law, "'[T]here are but two necessary requirements for the invocation of the doctrine of collateral estoppel. There must be an identity of issue which has necessarily been decided in the prior action and is decisive of the present action, and, second, there must have been a full and fair

7

opportunity to contest the decision now said to be controlling.'" *Id*. at 72 (quoting *Schwartz v. Public Adm'r*, 24 N.Y.2d 65, 71 (1969)); *see also Giakoumelos v. Coughlin*, 88 F.3d 56, 59 (2d Cir. 1996) (citing the same standard).[2]

When a plaintiff moving for summary judgment invokes collateral estoppel, she bears the burden of showing that the material issues of fact were necessarily resolved in the prior proceeding, but the party opposing the application of collateral estoppel bears the burden of "showing that the prior action did not afford a full and fair opportunity to litigate the issues." *Kulak*, 88 F.3d at 72.

### B. Weinstein is Precluded from Relitigating Whether He Forcibly Sexually Assaulted Plaintiff on July 10, 2006

Both of the requirements for applying collateral estoppel plainly are met here. First, this proceeding and the criminal action address the identical question of whether Weinstein engaged in oral sexual conduct by forcible compulsion with Ms. Haley, and that issue was necessarily decided in Weinstein's criminal trial. And second, there is no question that Weinstein had a full and fair opportunity to litigate the issue at his trial.

### (1) The Material Question in this Case Was Decided in Weinstein's Criminal Trial and is Decisive of all Three Causes of Action Here

As relevant here, the material issue of fact in the criminal proceeding against Weinstein was whether, on July 10, 2006, he engaged in oral sexual conduct by forcible compulsion with

---

[2] The federal test for collateral estoppel "distributes these same elements into a four-part test: '(1) the identical issue was raised in a previous proceeding; (2) the issue was actually litigated and decided in the previous proceeding; (3) the party had a full and fair opportunity to litigate the issue; and (4) the resolution of the issue was necessary to support a valid and final judgment on the merits." *LB on behalf of PB v. Hines*, No. 15 Civ. 5238, 2018 WL 1773138, at *3 (S.D.N.Y. April 10, 2018) (internal quotations omitted) (quoting *Boguslavsky v. Kaplan*, 159 F.3d 715, 720 (2d Cir. 1998)). The Second Circuit has stated that there is no "significant" or "discernible difference" between New York and federal preclusion law. *Id.* at *2 (quoting *Pike v. Freeman*, 266 F.3d 78, 90 n.14 (2d Cir. 2001) and *Marvel Characters, Inc. v. Simon*, 310 F.3d 280, 286 (2d Cir. 2002)).

8

Miriam Haley by placing his mouth on Ms. Haley's vagina without her consent. That is what the second count of the Indictment alleged, P56.1 at ¶ 1, it is what Ms. Haley testified to at the criminal trial, *id*. at ¶¶ 3-5, and it is the factual issue that the trial judge instructed the jury to resolve. *Id.* at ¶ 7-8 (jury instructed to acquit Weinstein unless it determined, beyond a reasonable doubt, that he placed his mouth on Ms. Haley's vagina without her consent "by the use of physical force, or . . . by a threat expressed or implied which places a person in fear of immediate death or physical injury to herself"). The jury found that Weinstein engaged in this conduct and convicted him. P56.1 at ¶ 11. The trial judge based its sentence and judgment on the jury's factual findings. *Id.* at ¶ 12.

The factual issue underlying Plaintiff's three causes of action against Weinstein is identical to the one litigated at his trial: whether Weinstein forcibly placed his mouth on Ms. Haley's vagina without her consent on July 10, 2006. Weinstein is not entitled to discovery or new fact-finding in this action because a "criminal conviction . . . after trial is conclusive proof of its underlying facts in a subsequent civil action and collaterally estops a party from relitigating the issue." *Grayes v. DiStasio*, 166 A.D.2d 261, 262–63 (1st Dep't 1990). *Accord Sec. & Exch. Comm'n v. Penn*, 225 F. Supp. 3d 225, 233 (S.D.N.Y. 2016) ("Under New York law, a conviction—whether based on a trial or a guilty plea—is conclusive proof of the underlying facts upon which it rests and the defendant is estopped from relitigating those facts in any future proceeding.") (internal quotation omitted).

With the material facts established as a matter of law, the only remaining question is whether they suffice to make out the elements of the three causes of action pleaded in the Complaint. *See* ECF 1. They plainly do. Based on Weinstein's forcible oral rape of her on July 10, 2006, Plaintiff asserts three causes of action under New York law against Weinstein: battery,

*id*. at ¶¶ 52-62; assault, *id*. at ¶¶ 63-66; and violation of the Victims of Gender-Motivated Violence Protection Act ("VGMVPA"), *id*. at ¶¶ 67-70. The elements of these claims are straightforward.

"The elements of a civil battery are (1) bodily contact, which is (2) harmful or offensive in nature, and (3) made with intent." *Doe v. Alsaud*, 224 F. Supp. 3d 286, 294 (S.D.N.Y. 2016) (applying New York law) (citations and quotations omitted). A "civil assault is the intentional placing of another in apprehension of imminent harmful or offensive contact." *Id*. (citations and quotations omitted). The jury that credited Ms. Haley's testimony and convicted Weinstein for forcibly orally raping her on July 10, 2006 "necessarily determined that the elements of the civil causes of action for assault and battery have been satisfied, *i.e.*, that the Defendant intentionally made harmful contact with Plaintiff . . . without her consent and that his actions placed Plaintiff in imminent apprehension of harmful contact." *Id*. New York courts routinely reach the same conclusion. *See, e.g.*, *Morrow v Gallagher*, 113 A.D.3d 827, 829 (2d Dep't 2014) (defendant's guilty plea to forcible touching and third-degree sexual abuse established his liability regarding claims of assault, battery, fondling, and forcible touching in civil case); *Elkin v. Cassarino*, 248 A.D.2d 35, 40-41 (2d Dep't 1998) (affirming grant of summary judgment on civil claims of assault and conversion where defendant had been convicted of crimes based on same facts); *Wagman v. Kandekore*, 243 A.D.2d 628 (2d Dep't 1997) (affirming grant of summary judgment on civil assault and battery claims on collateral estoppel grounds where "defendant was convicted of crimes based upon facts identical to those at issue in this civil action"); *Lili B. v. Henry F.*, 235 A.D.2d 512, 512-13 (2d Dep't 1997) (criminal conviction for sexual abuse collaterally estopped defendant from relitigating facts underlying civil battery claim); *see also LB on behalf of PB*, 2018 WL 1773138, at *3-4 (granting summary judgment as to liability on

10

plaintiff's claim of sexual battery because defendant's criminal conviction for same conduct collaterally estopped him from relitigating issue).

The facts determined in the criminal proceeding also establish the elements of Ms. Haley's claim under the VGMVPA. A claim arises under that statute when a defendant subjects a plaintiff to "a crime of violence" that is "committed because of gender or on the basis of gender, and due, at least in part, to an animus based on the victim's gender." N.Y.C. Admin. Code § 10-1103 (formerly § 8-903). Both elements are met here.

First, the VGMVPA defines a "crime of violence" as conduct "that would constitute a misdemeanor or felony against the person as defined in state or federal law or that would constitute a misdemeanor or felony against property as defined in state or federal law if the conduct presents a serious risk of physical injury to another, whether or not those acts have actually resulted in criminal charges, prosecution, or conviction." *Id.* Weinstein was convicted of using physical force or threats which placed Ms. Haley in fear of immediate death or physical injury to herself. *See* P56.1 at ¶ 7 (jury instructions regarding forcible compulsion). *See also* N.Y. Penal Law §130.50(1) (Criminal Sexual Act in the First Degree; Class B Felony).[3]

Second, controlling authority makes clear that the VGMVPA's requirement that the crime of violence be "committed because of gender or on the basis of gender, and due, at least in part, to an animus based on the victim's gender" is satisfied where the conduct at issue amounts to rape and sexual assault. *Breest v. Haggis*, 180 A.D.3d 83, 94 (1st Dep't 2019). Allegations – here, conclusive proof – that a man raped and sexually assaulted a woman suffice to show the gender-based animus required by the VGMVPA. *Id.* As the Appellate Division explained in

---

[3] Although a defendant need not even have been charged with a crime to satisfy this element, *see* N.Y.C. Admin. Code § 10-1103, we note that Criminal Sexual Act in the First Degree is codified as a Class B Violent Felony under New York law. N.Y. Penal Law § 70.02(1)(a).

11

*Breest*, rape and sexual assault "are a violation of the victim's bodily autonomy and an expression of the perpetrator's contempt for that autonomy.  Coerced sexual activity is dehumanizing and fear-inducing.  Malice or ill will based on gender is apparent from the alleged commission of the act itself.  Animus inheres where consent is absent." *Id*.[4]  The First Department reaffirmed its holding in *Breest* just last week.  *See Engelman v. Rofe*, 2021 N.Y. Slip Op. 03121, 2021 WL 817936, at *4 (1st Dep't March 4, 2021) (holding that "Plaintiffs' claims are sufficient to allege animus based on gender" where the complaint described sexual attacks, noting "[a]s we held in [*Breest*], . . . "[a]nimus inheres where consent is absent").[5]

---

[4] *Breest* noted a number of decisions, "all from trial courts," that had interpreted the VGMVPA to require proof of a defendant's animus toward women as a group.  *See Breest*, 180 A.D.3d at 92-93 (citing *Hughes v. Twenty-First Century Fox, Inc.*, 304 F. Supp. 3d 429, 455 (S.D.N.Y. 2018); *Garcia v. Comprehensive Ctr., LLC*, No. 17 Civ. 8970, 2018 WL 3918180 (S.D.N.Y. Aug. 16, 2018); *Roelcke v. Zip Aviation, LLC*, No. 15 Civ. 6284, 2018 WL 1792374, at *13 (S.D.N.Y. March 26, 2018); *Mosley v. Brittain*, 2017 N.Y. Slip Op. 32447(U), 2017 WL 5668407, at *1 (Sup. Ct. N.Y. Cnty. 2017); and *Gottwald v. Sebert*, 2016 N.Y. Slip Op. 32815(U), *21, 2016 WL 1365969, at *21 (Sup. Ct. N.Y. Cnty. 2016)).  The Appellate Division expressly rejected the reasoning and holdings of those decisions.  *Id*. at 93 ("We find that cases interpreting [the] VGM[VPA] have been distorted by the vestigial legislative history and case law of [the Violence Against Women Act]").

[5] The only other appellate authority regarding the VGMVPA is *Doe v. Advantagecare Physicians, P.C.*, 190 A.D.3d 819 (2d Dep't 2021).  There, the plaintiff (apparently seeking to avoid the consequences of having failed timely to assert an assault or battery claim) sought to amend her complaint to add a VGMVPA claim.  *Id*. at 820.  The proposed amended complaint alleged only that the defendant doctor "inappropriately and non-consensually touched, and looked at" the plaintiff patient, and that such conduct constituted sexual abuse in the first degree under Penal Law § 130.70.  *See* Affidavit or Affirmation in Further Support of Cross Motion (Motion #3), Exhibit D (Proposed Amended Complaint) at ¶¶ 11, 17, *Doe v. Advantagecare Physicians, P.C.*, Index No. 508631/2016 (Sup. Ct. Kings Cnty. May 15, 2017), Docket No. 25.  The proposed amended complaint stated that the defendant doctor was thus "liable to Plaintiff under the [VGMVPA]," but did not plead, or even mention, any elements of the statute.  *Id*. at ¶¶ 23-25.  Not surprisingly, the Second Department held that the trial court had providently exercised its discretion in denying the motion to amend.  *Doe*, 190 A.D.3d at 821-22 ("plaintiff's proposed amendments were palpably insufficient and patently devoid of merit, as the allegations in the complaint did not amount to either a violation of Penal Law § 130.70 or the Victims of Gender–Motivated Violence Protection Law").

This Court is bound by *Breest*. *See Mayes v. Summit Entm't Corp.*, 287 F. Supp. 3d 200, 206 (E.D.N.Y. 2018) (holding that magistrate judge's report and recommendation had "err[ed] in its belief that this [federal district] court does not have to follow what the Appellate Division says"). A federal court may not "ignore substantive state law if there is no indication that state courts have abandoned their precedent on the matter." *Id*. at 207 (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 91 (1938)). Indeed, even the Second Circuit "is bound to apply the law as interpreted by a state's intermediate appellate courts unless there is persuasive evidence that the state's highest court would reach a different conclusion." *V.S. v. Muhammad*, 595 F.3d 426, 432 (2d Cir. 2010) (citing *Pahuta v. Massey–Ferguson, Inc.*, 170 F.3d 125, 134 (2d Cir. 1999)); *see also Greenberg v. Greenberg*, 646 Fed. App'x. 31, 32 (2d Cir. 2016) (similarly stating that the Second Circuit must follow Appellate Division precedent absent persuasive evidence that the Court of Appeals would rule differently).[6] There is no such evidence here.

### (2) Weinstein Had a Full and Fair Opportunity to Contest the Facts at His Criminal Trial

Weinstein cannot remotely carry his burden of showing that he did not have a full and fair opportunity to litigate this issue at his criminal trial because he plainly did. Like criminal defendants generally, Weinstein was "afforded a full and fair opportunity to contest" the underlying issue given the "rigorous safeguards imposed to insure against unjust conviction in a criminal action, including the requirements of proof beyond a reasonable doubt * * * and of unanimous verdict * * *; the right to counsel at any critical stage of the criminal process * * *;

---

[6] If there were a Second Circuit decision construing the VGMVPA that was "clearly . . . in conflict" with *Breest*, *Breest* would not bind this Court. *See TMT Asia Ltd. v. Agrenco Madeira Comercio Internacional LDA*, No. 08 Civ. 8176, 2010 WL 1685962, at *2 (S.D.N.Y. Apr. 22, 2010) ("[The district court] is not bound by an intermediate appellate state court's interpretation of state law that clearly is in conflict with a decision of the Second Circuit"). The Second Circuit, however, has not addressed the elements of a claim under the VGMVPA.

the right to suppression of involuntary statements * * *, and of illegally seized evidence. . ." *S.T. Grand, Inc. v. City of New York*, 32 N.Y.2d 300, 304 (1973) (internal citations omitted). Weinstein's counsel was afforded and exercised the opportunity to cross and recross-examine Ms. Haley, P56.1 ¶ 5, and Weinstein exercised his opportunity to present a defense to the charges. *Id.* at ¶ 6.

It would be inefficient, and unfair to Plaintiff, for this Court to deny summary judgment and require the parties to engage in discovery on the issue of liability. "There can be little doubt that stability of judgments and expedition of trials are served with a resulting increase in the efficiency of the judicial process in finally disposing of disputes, and no injustice is committed when criminal defendants are estopped from relitigating issues determined in conformity with these safeguards." *S.T. Grand, Inc.*, 32 N.Y.2d at 304-05. There is simply no basis to require re-litigation of this issue given that Weinstein plainly had a full and fair opportunity to contest the criminal charge against him. *See id.*

### C. The Criminal Judgment Against Weinstein Retains Its Preclusive Effect Despite Weinstein's Pending Appeal

Finally, that Weinstein intends to appeal his conviction does not deprive the criminal judgment against him of its preclusive effect. "Under New York law, 'the mere pendency of an appeal does not prevent the use of the challenged judgment as the basis of collaterally estopping a party to that judgment in a second proceeding.'" *DiSorbo v. Hoy*, 343 F.3d 172, 183 (2d Cir. 2003) (quoting *In re Amica Mut. Ins. Co.*, 85 A.D.2d 727 (2d Dep't 1981)); *see also Antonious v. Muhammad*, 873 F. Supp. 817, 824 (S.D.N.Y. 1995) ("Under New York law . . . the mere pendency of an appeal does not deprive a challenged judgment of its *res judicata* effects") (collecting cases).

To be sure, the settled rule that a judgment on appeal retains its preclusive effect can create inefficiencies if that judgment is subsequently reversed. Thus, the Second Circuit has explained that "[t]he district court may retain jurisdiction following proceedings below in order to act on any motion arising from a reversal of the supreme court's judgment by the appellate division." *Petrella v. Siegel*, 843 F.2d 87, 90 (2d Cir. 1988). "[B]ut proceedings in the meantime should go forward, with preclusive effect given to the" state Supreme Court's judgment. *Id*. Therefore, this Court should give preclusive effect to the criminal judgment and grant Plaintiff summary judgment on liability, while retaining jurisdiction to entertain a motion to vacate its order in the event Weinstein's conviction is reversed on appeal.

## **CONCLUSION**

For all of the reasons described in this memorandum of law, the Court should grant Plaintiff's Motion for Partial Summary Judgment on the issue of liability.

Dated: March 10, 2021  
New York, New York

Respectfully submitted,

/s/ John R. Cuti  
John R. Cuti  
Mariann Meier Wang  
Heather Gregorio

CUTI HECKER WANG LLP  
305 Broadway, Suite 607  
New York, New York 10007  
Telephone:  (212) 620-2601  
Facsimile:  (212) 620-2611  
Email:  jcuti@chwllp.com

ALLRED, MAROKO & GOLDBERG  
Gloria Allred  
305 Broadway, Suite 607  
New York, New York 10007  
Telephone:  (212) 202-2966  
Email:  gallred@amglaw.com

*Attorneys for Plaintiff*